**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 02-cv-01971-CMA-BNB

WILLIAM R. BERG,

      Petitioner,

v.

PHIL FOSTER, Warden ICIO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

**ORDER ADOPTING AND AFFIRMING MARCH 31, 2009 RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on Petitioner's Amended Combined Petition for

Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and Request for Evidentiary

Hearing (the "Habeas Application") filed by Petitioner on May 27, 2008. (Doc. # 100.)

The Habeas Application was referred to Magistrate Judge Boyd N. Boland for a

Recommendation by an Order of Reference dated November 13, 2008. (Doc. # 104.)

On March 31, 2009, Magistrate Judge Boland issued a Recommendation that the

Application be denied. (Doc. # 105.) The Recommendation is incorporated herein by

reference. *See* 28 U.S.C. § 636(b)(1)(B) and FED. R. CIV. P. 72(b).

## I. BACKGROUND

The following facts are taken from the Habeas Application (Doc. # 100),

Respondent's Answer to the Habeas Application (Doc. # 101), Magistrate Judge

Boland's Report and Recommendation on the Habeas Application (Doc. # 105),

Petitioner's Objection to Magistrate Judge Boland's Recommendation (Doc. # 106),

and all attachments and exhibits with respect to these documents.

Petitioner, William R. Berg, filed an Amended Application for Writ of Habeas

Corpus on May 27, 2008.  In it, he asserts two claims: that his guilty plea was

involuntary, and its entry (1) violated the Fourteenth Amendment, because, when he

pled guilty, he was suffering from post-traumatic stress disorder and psychosis, which

rendered him incompetent to plead guilty, and (2) violated his Fourteenth Amendment

right to due process, because, when he pled guilty, he was under the influence of

psychotropic medications, which rendered him incapable of entering a voluntary plea.

Petitioner argues that the state courts denied him the opportunity to develop the

factual record supporting his claims, despite his diligent efforts to do so.  Accordingly,

Petitioner argues that this Court should hold an evidentiary hearing on his claims.

## A.    PROCEDURAL HISTORY AND EXHAUSTION OF CLAIMS

This case is on remand from the United States Court of Appeals for the Tenth

Circuit.  *See Berg v. Foster*, 244 F. App'x 239, 248 (10th Cir. Aug. 6, 2007).

### 1.    Petitioner's Guilty Plea and Direct Appeal

On July 8, 1996, Petitioner pled guilty, in the district court for Adams County,

Colorado, to one count of aggravated robbery.  On October 2, 1996, the trial court found

aggravating circumstances, and sentenced Petitioner to a term of thirty-two years.

On direct appeal, Petitioner raised two sentencing issues: (1) that the trial court

abused its discretion in denying his motion to continue the sentencing hearing, and

(2) that the trial court abused its discretion when it sentenced him to the maximum aggravated sentence of thirty-two years.

On February 5, 1998, the Colorado Court of Appeals affirmed the trial court. On September 28, 1998, the Colorado Supreme Court denied certiorari. Petitioner did not file a petition for writ of certiorari to the United States Supreme Court.

## 2. State Post-Conviction Proceedings

On January 25, 1999, Petitioner filed a post-conviction motion for sentence reconsideration, pursuant to Colorado Rule of Criminal Procedure 35(b). The trial court denied this motion on May 24, 1999. Petitioner did not appeal this order, although he had forty-five days to do so under Colorado law. *See* COLO. APP. R. 4(b)-(c).

On March 3, 2000, Petitioner filed a *pro se* motion for post-conviction relief, pursuant to Colorado Rule of Criminal Procedure 35(c), and a motion for appointment of counsel. Among his claims in the Rule 35(c) Motion, Petitioner alleged that the trial court had violated his constitutional rights to due process and equal protection by accepting his guilty plea, because his mental illness and heavily medicated state at the time of the providency hearing precluded him from entering that plea voluntarily.

The Rule 35(c) court appointed counsel (Ms. Ekman) to represent Petitioner. A conflict developed between Petitioner and Ms. Ekman, centering around her determination that Petitioner's issues lacked merit, and her corresponding refusal to argue those issues or to provide Petitioner with documents relating to his case. Counsel withdrew, and Petitioner continued to pursue relief, *pro se.*

Petitioner argues that despite his requests, neither the court nor Ms. Ekman provided him with transcripts of the hearings in his case. The record reflects, however,

that Petitioner's attempts were limited to requests to Ms. Ekman.  He sought from

Ms. Ekman transcripts that she did not posses and justified the requests by a vague

reference to filing a meaningful post-conviction motion.  There is no evidence in the

record that Petitioner attempted to obtain copies of the transcripts from the Court, the

counsel appointed to represent him for his plea and sentencing, or anyone else.

Petitioner also did not describe how these transcripts would have been relevant to

the factual bases of Claims One and Two.

On October 4, 2000, Petitioner filed a renewed *pro se* motion for post-conviction

relief pursuant to Rule 35(c), reiterating his claims that his mental illness and medication

at the providency hearing rendered his guilty plea involuntary, and that the trial court's

acceptance of that plea violated his constitutional rights to due process and equal

protection.  Petitioner's amended Rule 35(c) motion specifically requested an

evidentiary hearing.  In addition to the amended Rule 35(c) motion, Petitioner filed a

"Motion to Issue Ruling or Disposition," in which he again requested copies of the

transcripts and other documents he needed "to prepare and present a meaningful

argument before the court on his behalf."

On November 30, 2000, the trial court summarily denied Petitioner's Rule 35(c)

motion.  Among other grounds for its decision, the court erroneously found that

Petitioner's claims relating to his mental illness and medication at the providency

hearing had been raised and decided on direct appeal.

Petitioner appealed this decision to the Colorado Court of Appeals.  He argued

that the trial court had erred, both in concluding that his claims relating to his mental

illness and medication had been raised and decided on direct appeal, and in summarily

-4-

dismissing those claims.  He also presented the substance of those claims to the court of appeals, and urged it to remand the case to the trial court for a full evidentiary hearing.

In its answer brief, the State conceded the error in the trial court's conclusion that the claims were addressed on direct appeal.  The State briefed the merits of those claims, and urged the Colorado Court of Appeals to deny them as non-meritorious.

The Colorado Court of Appeals agreed that Petitioner's claims had not been addressed on direct appeal.  However, the court found that the trial court had not erred in summarily denying those claims.  Specifically, the Colorado Court of Appeals found that Petitioner was not entitled to relief because his allegations were conclusory and the record of the plea hearing demonstrated that he was lucid and understood the proceedings.  On May 9, 2002, the Colorado Court of Appeals affirmed the trial court.

Petitioner presented the same claims in a petition for writ of certiorari to the Colorado Supreme Court.  On September 16, 2002, the Colorado Supreme Court denied certiorari.

### 3.     Federal Habeas Corpus Proceedings in this Court

On October 1, 2002, Petitioner timely filed his original petition for writ of habeas corpus in this Court, pursuant to 28 U.S.C. § 2254.[1]  Petitioner was allowed to expand the record to include a psychiatric evaluation written by Dr. Robert Wolfsohn on September 26, 1992.  Petitioner's petition asserted ten claims, of which only Claims One and Two are still before the Court in this amended petition.

The State filed an Answer, which it subsequently amended.  The State discussed at some length the requirement that a state prisoner exhaust his federal constitutional claims.  The State provided a chart summarizing the application of the exhaustion requirement to Petitioner's claims.  This chart identified Claims One and Two as exhausted.  The State argued that the Colorado Court of Appeals' conclusion that Claims One and Two lacked merit was not contrary to, or an unreasonable application of, clearly established federal law.

The magistrate judge recommended that this Court deny Petitioner's petition.  The magistrate judge rejected the State's assertion that Petitioner properly exhausted Claims One and Two.  The magistrate recommended that Petitioner's other claims be denied, either on the merits or as procedurally barred.

Petitioner filed objections to the magistrate's recommendation within ten days after its entry.  He argued both that Claims One and Two were exhausted, and that the

---

[1]  A total of 272 days of untolled time passed between December 28, 1998, when Petitioner's conviction became final on direct review, and October 1, 2002, when he filed his federal habeas corpus petition.  His petition therefore was filed within the one-year limitations period.  *See* 28 U.S.C. §§ 2244(d)((1) & (2).

State had expressly waived any exhaustion defense by conceding that those claims were exhausted.

On February 2, 2005, this Court adopted the magistrate judge's recommendation and denied Petitioner's petition. The court agreed with the magistrate's conclusion that Petitioner had not exhausted Claims One and Two, and denied Petitioner's other claims either on the merits or as procedurally barred.

### 4.    The Tenth Circuit's Decision

On March 11, 2005, Petitioner appealed the denial of his habeas petition to the Tenth Circuit. That court granted him a certificate of appealability only on two issues: (1) whether the state's concession that Claims One and Two were exhausted constituted an express waiver of the exhaustion requirement, under 28 U.S.C. § 2254(b)(3); and (2) if not, whether Petitioner in fact exhausted Claims One and Two.

On August 28, 2007, after briefing and oral argument, the Tenth Circuit reversed this Court's dismissal of Claims One and Two. *Berg v. Foster*, 244 F. App'x at 248. The Tenth Circuit held that Petitioner had, in fact, properly exhausted Claims One and Two, by presenting them to the state courts at every level. *See id.* at 244-45. The court therefore deemed it "unnecessary to determine whether the [State's] concession qualified as a waiver" under § 2254(b)(3). *See id.* at 244.

The Tenth Circuit remanded the case to this Court for further proceedings on Claims One and Two. On November 16, 2007, this Court appointed counsel to

represent Petitioner, and granted counsel permission to file this amended petition and supporting brief. This Court also granted Petitioner's motion for production of the state court record in this case.

**B.    FACTS RELEVANT TO CLAIMS 1 AND 2**

    **1.    <u>The Providency Hearing</u>**

On July 8, 1996, the state trial court held a providency hearing at which Petitioner pled guilty to one count of aggravated robbery. Before accepting the guilty plea, the court asked Petitioner whether he was being treated for any mental illness. Petitioner responded that, for approximately eight years, he had been treated for post-traumatic stress disorder.

The court then asked Petitioner whether he was taking medication. Petitioner responded affirmatively and that response led to the following exchange:

> THE COURT: Have you had any medication this morning or within the last 24 hours?
>
> THE DEFENDANT: Last night at 8:30.
>
> THE COURT: Is there anything about the effect of that medication that would give you any problem understanding what's going on here this morning?
>
> THE DEFENDANT: I don't believe so.
>
> THE COURT: Are you under the influence of any drug, medication, or alcohol that would affect your understanding of what we're doing here this morning?
>
> THE DEFENDANT: I don't believe so, no.

After further advisement, the court found that Petitioner had "voluntarily and intelligently" waived his trial rights, and that his guilty plea was "voluntarily given, without undue influence or coercion."

2.   **Sentencing**

Petitioner's sentencing hearing was set for September 24, 1996.  However, on that date, his attorney asked the court to continue the hearing so that Petitioner could be stabilized on his medication.  Due to a problem associated with Petitioner's transfer from one correctional facility to another, he had not received his medication as needed. As a result, his lawyer said that Petitioner was "beginning to have some hallucination problems as well as his thought processes going in and out."  The court rescheduled the sentencing hearing for October 2, 1996.

The Probation Department prepared a Presentence Report for Petitioner.  The report noted that Petitioner had been shot while on guard duty during his army service in the late 1970s.  The report stated that, "[t]his trauma has been identified as one catalyst contributing to his behavioral and substance abuse problems."  The report also acknowledged that Petitioner had been diagnosed with Post-Traumatic Stress Disorder ('PTSD") with Psychotic Features.

Attached to the presentence report was the September 26, 1992 psychological evaluation, prepared by Dr. Robert Wolfsohn.  Dr. Wolfsohn diagnosed Petitioner as having PTSD with psychotic features.  Of particular importance, Dr. Wolfsohn stated that "Petitioner has been experiencing paranoid ideation as well as auditory and visual hallucinations even when medicated."  Dr. Wolfsohn also noted that at the time of the examination Petitioner was oriented; had an appropriate affect; his speech was goal-directed and relevant; and "there was no evidence of hallucinations or delusions in the present."  He found that Petitioner's judgment may be poor at times, and that his perceptual speed is below average.

-9-

At the rescheduled sentencing hearing, which was presided over by a different judge than the judge who had presided over the providency hearing, Petitioner's attorney asked the court again to continue sentencing and to allow Petitioner to participate in a program for offenders with "dual diagnosis" of mental illness and drug problems. Counsel also asked that the court order a new psychological evaluation of Petitioner.

The trial court did not grant either request, and imposed on Petitioner an aggravated sentence of thirty-two years in prison.

### 3. <u>Additional Evidence Before This Court</u>

In the instant habeas corpus action, on April 21, 2003, this Court granted Petitioner's motion to expand the record to include a copy of Dr. Wolfsohn's report. This Court denied Petitioner's motion to expand the record to include a list, signed by an Adams County Jail employee, of the medications and dosages Petitioner was taking around the time of his guilty plea. The Court also denied Petitioner's motion to include in the record an affidavit from a pharmacist, Sidney Pierson, describing the effects of certain psychotropic medications, including Doxepin, which Petitioner was taking when he pled guilty. Petitioner did not attempt to introduce this evidence in the state courts.

## C. MAGISTRATE JUDGE BOLAND'S RECOMMENDATION

On March 31, 2009, Magistrate Judge Boland issued a Report and Recommendation on the Habeas Application. (Doc. # 105.) Magistrate Judge Boland found, on an independent review of the state court record, that Petitioner failed to show that he diligently pursued the factual development of Claims One and Two in the state

courts.  Therefore, Magistrate Judge Boland applied 28 U.S.C. § 2254(e)(2) to the

question of whether Petitioner was entitled to an evidentiary hearing.  Because

Petitioner's Habeas Application relied on pre-AEDPA[2] standards for an evidentiary

hearing, Magistrate Judge Boland found that Petitioner failed to make the requisite

showing, and denied Petioner's request.

Magistrate Judge Boland also found that the state court's resolution of Claims

One and Two was not contrary to, nor did it involve an unreasonable application of,

federal law.  Therefore, Magistrate Judge Boland found no basis to grant the Habeas

Application.

## II.  LEGAL STANDARDS

When a magistrate judge issues a recommendation on a dispositive matter,

Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine

*de novo* any part of the magistrate judge's [recommendation] that has been properly

objected to."  FED. R. CIV. P. 72(b)(3).  An objection is properly made if it is both timely

and specific.  *United States v. One Parcel of Real Property Known As 2121 East 30th*

*St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  According to the Federal Rules of Civil

Procedure in effect at the time of the Recommendation's issuance, an objection is

timely if made within 10 days after the Magistrate Judge issues his recommendation.[3]

An objection is sufficiently specific if it "enables the district judge to focus attention on

---

[2]   AEDPA stands for the Anti-Terrorism and Effective Death Penalty Act of 1996.

[3]   Effective December 1, 2009, parties must file objections within 14 days after being served with a copy of a recommended disposition.  Fed. R. Civ. P. 72(b).

those issues – factual and legal – that are at the heart of the parties' dispute." *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

In the instant case, Petitioner timely filed his objections to Magistrate Judge Boland's Recommendation on April 7, 2009, seven days after the Recommendation's issuance.  (Doc. # 106.)  Although the Court finds that Petitioner's objections to Claims One and Two are not specific, as discussed below, and thus do not require a *de novo* review, the Court has nevertheless conducted a *de novo* review of both claims.  *See U.S. v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (stating that a party's objections to magistrate judge's recommendation must be both timely and *specific* to trigger *de novo* review by district court) (emphasis added); *See also Rocha v. CCCF Admin*, No. 09-1432, 2010 WL 1235626, *4 (D. Colo. March 19, 2010) (citing *Manigaulte v. C.W. Post of Long Island University*, 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009) ("when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.") (citations, quotation marks, and brackets omitted)).  For the following reasons, the Court ADOPTS and AFFIRMS the March 31, 2009 Recommendation of Magistrate Judge Boland.

### III.  ANALYSIS

### A.    MOTION FOR EVIDENTIARY HEARING

A habeas petitioner who has filed his petition after the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), must "clear the initial hurdle of [28 U.S.C. § 2254(e)(2)] before this Court can proceed to determine whether

an evidentiary hearing is otherwise proper or necessary." *Miller v. Champion*, 161 F.3d 1249, 1243 (10th Cir. 1998) (citations and quotations omitted). 28 U.S.C. § 2254(e)(2) provides that if an applicant *fails* to develop the factual basis of a claim in State court proceedings, the Court shall not hold an evidentiary hearing on the claim unless the applicant shows that:

> (A) the claim[s] rel[y] on (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

> (B) the facts underlying the claim[s] would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

As mentioned, these provisions apply only if the petitioner "has **failed** to develop the factual basis of [his] claim in State court proceedings." 28 U.S.C. § 2254(e)(2) (emphasis added).

"If the prisoner did not fail to develop the factual basis of his claim in State court, § 2254(e)(2) is not applicable and a federal habeas court should proceed to analyze whether an evidentiary hearing is appropriate or required under pre-AEDPA standards." *Cannon v. Mullin*, 383 F.3d 1152, 1176 (10th Cir. 2004). "Under the pre-AEDPA standard, a habeas petitioner was entitled to an evidentiary hearing in federal court if (1) the facts were not adequately developed in the state court, so long as that failure was not attributable to the petitioner, and (2) his allegations, if true and not contravened by the existing factual record, would entitle him to habeas relief." *Id.* at 1175 (internal quotations and citations omitted).

A "failure to develop" is established where there is a "lack of diligence, or some

greater fault, attributable to the prisoner or the prisoner's counsel." *M. Williams v. Taylor*, 529 U.S. 420, 432 (2000). "Diligence" requires in the usual case that the prisoner "at a minimum, seek an evidentiary hearing in state court *in the manner prescribed by state law.*" *Id.* at 437 (emphasis added). That does not mean merely asking for an evidentiary hearing. *Cannon v. Mullin*, 383 F.3d 1152, 1176 (10th Cir. 2004). On the contrary, diligence depends upon whether the prisoner "made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *M. Williams*, 529 U.S. at 435.

In the instant case, Petitioner argues that he diligently attempted to develop the factual bases of his claims by requesting "transcripts and other documentation." (Doc. # 1 at 12.) The record shows, however, that Petitioner's request were limited to requests of Ms. Ekman and sought information she did not possess. Ms. Ekman responded to Petitioner's request stating that she had sent Petitioner her entire file, and that she was not able to order additional transcripts because she was no longer his attorney. There is no evidence in the record suggesting that Petitioner attempted to obtain copies of the transcripts from the Court, the counsel appointed to represent him for his plea and sentencing, or anyone else. Nor does the record show that he was attempting to get these transcripts in support of Claims One and Two. Morever, Petitioner has not given any explanation as to how these transcripts would have been relevant to the factual development of Claims One and Two.

Further, Petitioner was not, as he argues, prevented by the state courts from developing the factual bases for his claims when he was denied an evidentiary hearing. Under Colorado Rule of Criminal Procedure 35(c), there is no requirement that a hearing be held, and a post-conviction court may deny a claim without a hearing when the motion, files, and record demonstrate that the defendant is not entitled to relief. Such is the case when the claim is contradicted by the record. *See, e.g., People v. Blehm*, 983 P.2d 779 (Colo. 1999 (if a trial court's advisement on the right to testify is complete, there is no need to conduct a post-conviction hearing on the defendant's "right to testify" claim); *White v. District Court*, 766 P.2d 632, 636-37 n.8 (Colo. 1988) (where "the record before the district court" contains "evidence that would refute [the prisoner's] claims," the claims may be "dismissed as 'unmistakably frivolous' allegations"). Moreover, Colorado courts may also summarily deny post-conviction claims that are vague and conclusory. *See, e.g., People v. Rodriguez*, 914 P.2d 230, 250-51 (Colo. 1996) (affirming denial of claims inadequately presented in post-conviction motion); *De Baca v. District Court*, 431 P.2d 763, 765 (Colo. 1967) (no evidentiary hearings on "vague[,] conclusional" post-conviction claims) (citations omitted).

In the instant case, Petitioner's allegations in the state courts failed to allege specific facts supporting his claims. For example, Petitioner did not describe the medications he was taking, allege that those medications were not reducing the symptoms of his underlying mental condition, or that his medications were causing specific side effects that interfered with his ability to enter a valid plea. Further, Petitioner's state-court allegations failed to describe any evidence that explained away

the record of the providency hearing, which contradicts his post-conviction claims, *e.g.*

Petitioner told the court twice that he did not believe that any medications he was taking

would affect his ability to understand the proceeding.

Petitioner now relies on new evidence to support his claims, of which he did

not make the state courts aware.  Specifically, he relies on a psychiatric report by

Dr. Wolfsohn, which had been attached to Petitioner's pre-sentence report.  There is

no explanation as to why this psychiatric report was not attached to the post-conviction

motion, nor why any of the other documents (a jail employee affidavit describing his

medication regime at the time of his guilty plea, or a pharmacist's affidavit) were not

submitted to the state courts in his state post-conviction proceeding.  Further, the

psychiatric report was done four years before Petitioner's guilty plea, and it was an

examination not for competency or sanity, but to determine whether Petitioner was

appropriate for placement in a non-residential drug treatment facility.  In sum, the new

evidence does not explain away the record of the providency hearing.

For the foregoing reasons, the Court finds that Petitioner failed to develop the

factual bases of Claims One and Two, and therefore his request for an evidentiary

hearing cannot be granted unless he shows:

> (A) the claim[s] rel[y] on (i) a new rule of constitutional law, made
> retroactive to cases on collateral review by the Supreme Court, that was
> previously unavailable; or (ii) a factual predicate that could not have been
> previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim[s] would be sufficient to establish by
> clear and convincing evidence that but for constitutional error, no
> reasonable factfinder would have found the applicant guilty of the
> underlying offense.

28 U.S.C. § 2254(e)(2).

Petitioner relies on pre-AEDPA standards for an evidentiary hearing, and he fails to discuss the standard required under 28 U.S.C. § 2254(e)(2) in either the Habeas Application or the Objections to Magistrate Judge Boland's Recommendation. Petitioner apparently concedes that he cannot make the requisite showing under the § 2254(e)(2) standard.[4]  Petitioner's Motion for an evidentiary hearing is DENIED.

## B.    CLAIMS ONE AND TWO

Claim One alleges that Petitioner's guilty plea was involuntary, and its entry violated the Fourteenth Amendment, because, when Petitioner pled guilty, he was suffering from post-traumatic stress disorder and psychosis, which rendered him incompetent to plead guilty.  Claim Two alleges that Petitioner's guilty plea also was involuntary, and its entry violated his Fourteenth Amendment right to due process, because, when he pled guilty, he was under the influence of psychotropic medications, which rendered him incapable of entering a voluntary plea.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that an application for writ of habeas corpus may be granted only if the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).  Factual determinations made by the state court

---

[4]  Although Petitioner has failed to discuss the standard under 28 U.S.C. § 2254(e)(2) for an evidentiary hearing, the Court has conducted a *de novo* review of the entire record, and finds that Petitioner cannot meet the requirements for an exception under § 2254(e)(2)(A) and (B).

are presumed correct unless rebutted by clear and convincing evidence.  28 U.S.C.
§ 2254(e)(1).

On review, a federal court may set aside a state court guilty plea "only for failure
to satisfy due process."  *Cunningham v. Diesslin,* 92 F.3d 1054, 1060 (10th Cir. 1996).
The Fourteenth Amendment's Due Process Clause permits a guilty plea only if it is
knowing and voluntary.  *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).  The plea must
represent a deliberate, intelligent choice, *Parke v. Raley*, 506 U.S. 20, 28 (1992), and
the defendant must have "a full understanding of what the plea connotes and of its
consequence."  *Boykin*, 395 U.S. at 244.  "The defendant need not understand every
collateral consequence of the plea, but need only understand its direct consequences."
*United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002).  Findings of fact
regarding the voluntariness of the plea carry a presumption of correctness.
*Cunninghman*, 92 F.3d at 1060.  To rebut this presumption, Petitioner must present
clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

In the instant case, as stated above, Petitioner did not make specific objections
to Magistrate Judge Boland's Recommendation.  Rather, Petitioner makes the following
statement, "[Petitioner] objects to the magistrate judge's rejection of Claims One and
Two on the merits, and asks the Court to review those claims *de novo*, following the
necessary evidentiary hearing.  With the requested opportunity to conduct discovery
and present evidence, [Petitioner] will be able to provide additional factual support
necessary to establish that his guilty plea was involuntary . . ."  (Doc. # 106 at 3.)
Despite Petitioner's failure to make specific objections, the Court has, nevertheless,
conducted a *de novo* review of Claims One and Two.

First, the Colorado Court of Appeals' ("CCA") rejection of Petitioner's claims did not rest on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2). Petitioner stated in the providency proceedings that he did not believe that his medication caused any problem with his understanding, and he further denied being under the influence of any drug or medication that would affect his understanding. The CCA concluded that because Petitioner's allegations of a mental disorder were "conclusory at best," and because his admissions at the providency hearing demonstrated that he was lucid and understood the proceedings, the trial court did not err in summarily rejecting the attack on his plea. The record in this case supports the CCA's determination of the facts. Petitioner has not rebutted these factual determinations with clear and convincing evidence, and therefore the CCA's rejection of Petitioner's claims did not rest on an unreasonable determination of the facts.

Second, the state court's denial of Petitioner's claims was not contrary to nor did it involve an unreasonable application of Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). The CCA held that under state law, when a movant's claims are bare and conclusory, and refuted by the record, the trial court may reject them summarily. This is consistent with Supreme Court precedent. In *Blackledge v. Allison*, 431 U.S. 63 (1977), the Court wrote that, while the defendant's representations at a plea hearing are not "invariably insurmountable," they are a "formidable barrier" to collateral attack, because "[s]olemn declarations in open court carry a strong presumption of verity." *Id.* At 74. Consequently, "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* In particular, when a statement in the record of the

providency hearing substantially contradicts a claim, a contention that the statement in the providency hearing was untruthful will entitle an applicant to an evidentiary hearing "only in the most extraordinary circumstances." *Id.* at 80 n.19.

In the instant case, Petitioner discussed his mental condition openly, stating that the medication he was taking would not affect his ability to understand the plea hearing or voluntarily enter a plea, and that he was not otherwise impaired. Further, the fact that Petitioner suffered from a mental disorder, by itself, is insufficient to invalidate his guilty plea. *Fields v. Gibson*, 277 F.3d 1203, 1215 n.7 (10th Cir. 2002) ("The presence of some degree of mental disorder in the defendant does not necessarily mean that he is incompetent to knowingly and voluntarily enter a plea as well as aid and assist in his own defense") (citations and quotations omitted).

Petitioner relies upon a psychiatric report by Dr. Wolfsohn as proof of his incompetency at the plea hearing. The report, however, indicates that Petitioner was capable of appropriate comprehension. Further, the report was issued four years prior to the entry of the guilty plea.

Petitioner also contends that his plea was involuntary because of the psychotropic medications. However, the record indicates that Petitioner's medications contributed to his ability to understand rather than detracting from such ability to understand.

Based on the foregoing, the record in this case indicates that Petitioner had "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and had "a rational as well as factual understanding of the proceedings against him." *See Godinez v. Moran*, 509 U.S. 389 (1993).

Accordingly, the state court's denial of Petitioner's Claims One and Two was not contrary to nor did it involve an unreasonable application of Supreme Court precedent.

## IV. CONCLUSION

Accordingly, IT IS ORDERED that the March 31, 2009 Recommendation of United States Magistrate Judge (Doc. # 105) is AFFIRMED AND ADOPTED, and therefore, Petitioner's Habeas Application is DENIED. Further, it is ORDERED that Petitioner's Request for an Evidentiary Hearing is DENIED. Finally, it is ORDERED that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

DATED: April 26, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Court